

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
                               )
           Plaintiff, )
                               )
v. )   Case No. 2:08-CR-108-KJD-LRL
                               )
HOWARD J. AWAND and )
LINDA AWAND, )
                               )
           Defendants. )
_____ )

## ORDER APPOINTING RECEIVER

Good cause for the appointment of a Receiver in this matter having been shown by plaintiff the United States,

IT IS HEREBY ORDERED:

Robb Evans & Associates LLC is appointed Equity Receiver ("Receiver") for all assets of defendants Howard Awand and Linda Awand (the Receivership Defendants), with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court governing receivers.

RECEIVERSHIP DUTIES

IT IS FURTHER ORDERED that:

The Receiver is directed and authorized to accomplish the following:

1.     Take exclusive custody, control and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Receivership Defendants and

13

1    other persons or entities whose interests are now held by or under the direction, possession,

2    custody, or control of the Receivership Defendants. The Receiver may employ the assistance of

3    law enforcement officers as the Receiver deems necessary to implement the provisions of this

4    Order. The Receiver may take all steps necessary to secure the business premises of the

5    Receivership Defendants. Such steps may include, but are not limited to, securing the locations

6    by changing the locks and disconnecting any computer modems or other means of access to the

7    computer or other records maintained at the locations;

8         2.      Conserve, hold, and manage all receivership Assets, and perform all acts

9    necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable

10    loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including,

11    but not limited to, obtaining an accounting of the Assets and preventing transfer, withdrawal, or

12    misapplication of Assets, and including the authority to liquidate or close out any open securities

13    or commodity futures positions of the Receivership Defendants;

14         3.      Enter into contracts and purchase insurance as advisable or necessary;

15         4.      Manage and administer the business of the Receivership Defendants until further

16    order of this Court by performing all incidental acts that the Receiver deems to be advisable or

17    necessary, which includes retaining, hiring, or dismissing any employees, independent

18    contractors, or agents. The Receiver may take any action and incur the risks and obligations

19    ordinarily incurred by owners, managers, and operators of similar business properties, including

20    without limitation, executing such documents and instruments on behalf of the receivership

21    estate that are necessary and appropriate for the management of the Receivership Property. No

22    risk or obligation incurred by such actions, however, shall be the personal risk or obligation of

23    the Receiver but a risk or obligation of the receivership estate, except for gross negligence or

24    other culpable conduct;

25         5.      Choose, engage, and employ attorneys, accountants, appraisers, and other

26    independent contractors and technical specialists, as the Receiver deems advisable or necessary

1  in the performance of duties and responsibilities under the authority granted by this Order;

2       6.     Make payments and disbursements from the receivership estate that are necessary

3  or advisable for carrying out the directions of, or exercising the authority granted by, this Order.

4  The Receiver shall apply to the Court for prior approval of any payment of any debt or

5  obligation incurred by the Receivership Defendants prior to the date of entry of this Order,

6  except payments that the Receiver deems necessary or advisable to secure Assets of the

7  Receivership Defendants, such as rental payments;

8       7.     Institute, compromise, adjust, appear in, intervene in, or become party to such

9  actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and

10  advisable to preserve or recover the Assets of the Receivership Defendants or that the Receiver

11  deems necessary and advisable to carry out the Receiver's mandate under this Order;

12       8.     Defend, compromise, adjust, or otherwise dispose of any or all actions or

13  proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or

14  against the Receivership Defendants that the Receiver deems necessary and advisable to preserve

15  the Assets of the Receivership Defendants or that the Receiver deems necessary and advisable to

16  carry out the Receiver's mandate under this Order;

17       9.     Issue subpoenas to obtain Documents and records pertaining to the receivership,

18  and conduct discovery in this action on behalf of the receivership estate;

19       10.     Open one or more bank accounts as designated depositories for funds of the

20  Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants

21  in such a designated account and shall make all payments and disbursements from the

22  receivership estate from such an account;

23       11.     Maintain accurate records of all receipts and expenditures that he makes as

24  Receiver;

25       12.     Cooperate with reasonable requests for information or assistance from any state or

26  federal law enforcement agency; and

15

1   13.   File reports with the Court on a timely and reasonable basis.

2

3                              STAY OF ACTIONS

4   IT IS FURTHER ORDERED that:

5   1.   Except by leave of this Court, during pendency of the receivership ordered herein,

6   the Receivership Defendants and all other persons and entities be and hereby are stayed from

7   taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in,

8   or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships,

9   Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their

10   capacities as such, including, but not limited to, the following actions:

11          a.   Commencing, prosecuting, continuing, entering, or enforcing any suit or

12   proceeding, except that such actions may be filed to toll any applicable statute of limitations;

13          b.   Accelerating the due date of any obligation or claimed obligation; filing,

14   perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of

15   any Asset; attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, whether

16   such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any

17   debt owing to the Receivership Defendants that arose before the date of this Order against any

18   claim against the Receivership Defendants;

19          c.   Executing, issuing, serving, or causing the execution, issuance or service

20   of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs

21   of replevin, writs of execution, or any other form of process whether specified in this Order or

22   not; or

23          d.   Doing any act or thing whatsoever to interfere with the Receiver taking

24   custody, control, possession, or management of the Assets or Documents subject to this

25   receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner

26   with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership

16

1  Defendants.

2      2.    This Order does not stay:

3          a.    The commencement or continuation of a criminal action or proceeding;

4          b.    The commencement or continuation of an action or proceeding by a

5  governmental unit to enforce such governmental unit's police or regulatory power; or

6          c.    The enforcement of a judgment, other than a money judgment, obtained in

7  an action or proceeding by a governmental unit to enforce such governmental unit's police or

8  regulatory power.

9      3.    Except as otherwise provided in this Order, all persons and entities in need of

10  documentation from the Receiver shall in all instances first attempt to secure such information

11  by submitting a formal written request to the Receiver, and, if such request has not been

12  responded to within thirty (30) days of receipt by the Receiver, any such person or entity may

13  thereafter seek an Order of this Court with regard to the relief requested.

14

15  COMPENSATION OF RECEIVER

16  IT IS FURTHER ORDERED that:

17      The Receiver and all personnel hired by the Receiver as herein authorized, including

18  counsel to the Receiver and accountants, are entitled to reasonable compensation for the

19  performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses

20  incurred by them, from the Assets now held by or in the possession or control of or which may

21  be received by the Receivership Defendants.  The Receiver shall file with the Court and serve on

22  the parties periodic requests for the payment of such reasonable compensation, with the first

23  such request filed no more than sixty (60) days after the date of this Order.  The Receiver shall

24  not increase the hourly rates used as the bases for such fee applications without prior approval of

25  the Court.

26

1  SERVICE OF THIS ORDER

2  IT IS FURTHER ORDERED that:

3  Copies of this Order may be distributed by U.S. first class mail, overnight delivery,

4  facsimile, electronic mail, or personally, by agents or employees of the Receiver, by any law

5  enforcement agency, or by private process server, upon any Person, Financial Institution, or

6  other entity that may have possession or control of any property, property right, Documents, or

7  Assets of Defendants, or that may be subject to any provision of this Order.  Service upon any

8  branch or office of any Financial Institution or entity shall effect service upon the entire financial

9  institution or entity.

10  Dated: Nov 16, 2010

UNITED STATES DISTRICT JUDGE

18