```
 1   RANDOLPH L. HOWARD (Nev. SBN 006688)
      rhoward@klnevada.com
 2   KOLESAR & LEATHAM, CHTD.
     3320 West Sahara Ave., Suite 380
 3   Las Vegas, NV 89102
     Telephone:     (702) 362-7800
 4   Direct:        (702) 889-7752
     Facsimile:     (702) 362-9472
 5
     GARY OWEN CARIS (SBN 88918)
 6   E-mail: gcaris@mckennalong.com
     LESLEY ANNE HAWES (SBN 117101)
 7   E-mail: lhawes@mckennalong.com
     MCKENNA LONG & ALDRIDGE LLP
 8   300 South Grand Avenue, 14th Floor
     Los Angeles, CA  90071
 9   Telephone:     (213) 688-1000
     Facsimile:     (213) 243-6330
10
     Attorneys for Receiver
11   ROBB EVANS & ASSOCIATES LLC
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>HOWARD J. AWAND and LINDA AWAND,<br><br>            Defendant. | CASE NO. 2:08-CR-108-KJD-LRL<br><br>**[PROPOSED] ORDER AUTHORIZING RECEIVER TO SELL PERSONAL PROPERTY LOCATED AT VEVAY, INDIANA PROPERTIES BY PUBLIC AUCTION FREE AND CLEAR OF LIENS AND FOR RELATED ORDERS**<br><br>Date:    February 22, 2011<br>Time:   9:00 a.m.<br>Place:   Courtroom 6D |

The matter of the Motion for Order Authorizing Receiver to Sell Personal Property Located at Vevay, Indiana Properties by Public Auction and for Related Orders ("Sale Motion") filed by Robb Evans & Associates LLC, the receiver ("Receiver") over all assets of Howard Awand and Linda Awand ("Receivership Defendants") came on for hearing at the above-referenced date, time and place before the Honorable Kent J. Dawson, United States District Judge presiding.  Gary Owen Caris of McKenna Long & Aldridge LLP appeared on behalf of the

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17812903.1

1  Receiver; Roger W. Wenthe, Assistant United States Attorney, appeared on behalf of plaintiff
2  United States of America and other appearances, if any, were made as noted in the record at the
3  hearing.  The Court having reviewed and considered the Sale Motion and all pleadings and papers
4  filed in support thereof, including the Supplement to the Sale Motion and Request for Sale Free
5  and Clear of Liens ("Supplement") filed and served by the Receiver, and having reviewed and
6  considered responses and opposition, if any, to the Sale Motion, and having heard the arguments
7  of counsel, and good cause appearing therefor,
8      IT IS ORDERED that:
9      1.    The Sale Motion, as modified and supplemented by the Supplement, and all relief
10 sought therein is hereby granted; and
11     2.    Without limiting the generality of the foregoing:
12     A.    The Receiver is authorized to employ Owings Auction Service ("Auctioneer") (1)
13 to sell the personal property of the Receivership Defendants located at the Receivership
14 Defendants' residential real properties located at 503 West Market Street and 806 West Market
15 Street in Vevay, Indiana comprised of furniture, furnishings, artwork, home electronic devices
16 such as televisions and stereo equipment, house appliances such as washers and dryers, decorative
17 items and others similar personal effects ("Vevay Personal Property") at public auction to be
18 conducted at the receivership property located at 503 West Market Street and 806 West Market
19 Street in Vevay, Indiana ("Vevay Residences") pursuant to the Contract for Sale of Personal
20 Property at Public Auction dated as of January 3, 2011 ("Auction Contract") attached as Exhibit 1
21 to the Declaration of M. Val Miller ("Miller Declaration") filed in support of the Sale Motion;
22     B.    The Receiver is authorized to compensate the Auctioneer in accordance with the
23 Auction Contract by paying the Auctioneer a sales commission of 10% of the gross sale proceeds
24 plus expenses as provided therein;
25     C.    Pursuant to the Sale Motion and Supplement, the Vevay Personal Property shall be
26 sold free and clear of liens, claims, and interests, including without limitation the tax liens of the
27 United States and the tax liens of the Vermont Department of Taxes, with such liens, claims and
28 interests to attach to the proceeds of sale in the same amount, validity and priority as they had

1  against the Vevay Personal Property, provided that such liens, claims and interests shall be
2  subordinated to, and deemed subject to, the expenses of administration of the receivership estate,
3  including but not limited to (a) all fees and expenses of the auctioneer and administrative costs
4  associated with the sale and disposition of the Vevay Personal Property; (b) all other expenses of
5  preservation and administration of the receivership assets, including without limitation expenses
6  for insurance and utilities; and (c) all fees and expenses of the Receiver, Receiver's members,
7  Receiver's staff, and Receiver's counsel incurred in the administration of the estate, and the
8  Receiver shall be authorized to use and expend the proceeds of sale of the Vevay Personal
9  Property to pay all such fees and expenses of administration from such proceeds without further
10 order of the Court other than the fees and expenses of the Receiver, Receiver's members,
11 Receiver's staff, and Receiver's counsel which shall be paid only after a noticed motion by the
12 Receiver seeking approval and authorization for payment thereof;

13    D.   The Receiver is authorized to sell the Vevay Personal Property individually, in lots
14 or in bulk in the discretion of the Receiver and the Auctioneer, with such property to be sold "as
15 is, where is, with all faults," and without representation or warranty of any kind, to the highest
16 bidder at the sale for payment in cash or cash equivalent, including check in the discretion of the
17 Auctioneer, and the sales of the Vevay Personal Property are hererby confirmed without further
18 order of the Court;

19    E.   Notice of the auction sale of the Vevay Personal Property shall be deemed
20 sufficient if the Receiver and the Auctioneer provide notice of the auction sale of the Vevay
21 Personal Property as follows: (a) by posting on the internet auction web site www.auctionzip.com
22 a notice of the date, time and place of the auction sale commencing not later than 10 days after
23 entry of the order of the Court granting this Motion and with such posting to continue through the
24 date of the auction sale; and (b) by publication of a written notice of the date, time and place of
25 the auction sale at least once not later than two weeks prior to the auction sale in one or more
26 newspapers of general circulation for Vevay, Indiana, including at a minimum publication in one
27 of the following newspapers: *Madison Courier* or *Vevay Reveille*.  In the Receiver's and
28 Auctioneer's discretion, the Receiver and the Auctioneer may, but shall not be required, to

- 4 -

1  provide additional advertising of the sale through internet advertising, flyers and/or publication of
2  notice in other print publications;
3      F.     Notice of the Sale Motion provided by the Receiver by service of the notice of
4  hearing on the Sale Motion on all known creditors of the estate and other interested parties is
5  approved as sufficient to provide notice and an opportunity for hearing under the circumstances.

Dated: February 22, 2011

_____
KENT J. DAWSON
United States District Judge

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 4 -

LA:17812903.1