RANDOLPH L. HOWARD (Nev. SBN 006688)
rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
3320 West Sahara Ave., Suite 380
Las Vegas, NV 89102
Telephone:   (702) 362-7800
Direct:      (702) 889-7752
Facsimile:   (702) 362-9472

GARY OWEN CARIS (SBN 88918)
E-mail: gcaris@mckennalong.com
LESLEY ANNE HAWES (SBN 117101)
E-mail: lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071
Telephone:   (213) 688-1000
Facsimile:   (213) 243-6330

Attorneys for Receiver
ROBB EVANS & ASSOCIATES LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>HOWARD J. AWAND and LINDA AWAND,<br><br>  Defendants. | CASE NO. 2:08-CR-108-KJD-LRL<br><br>Amended **ORDER AUTHORIZING RECEIVER TO SELL FREE AND CLEAR OF LIENS, INCLUDING LIEN OF BANK OF AMERICA, THE REAL AND PERSONAL PROPERTY LOCATED AT 94 TABER HILL ROAD, STOWE, VERMONT BY PRIVATE SALE AND FOR RELATED ORDERS PURSUANT TO EMERGENCY MOTION TO MODIFY ORDER AUTHORIZING RECEIVER TO SELL FREE AND CLEAR OF LIENS THE REAL AND PERSONAL PROPERTY LOCATED AT 94 TABER HILL ROAD, STOWE, VERMONT BY PRIVATE SALE AND FOR RELATED ORDERS AS TO LIENHOLDER BANK OF AMERICA**<br><br>**SALE HEARING CONDUCTED ON:**<br><br>Date:   March 22, 2011<br>Time:   9:00 a.m.<br>Place:  Courtroom 6D |

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17838610.1

The matter of the Emergency Motion to Modify Order Authorizing Receiver to Sell Free and Clear of Liens the Real and Personal Property Located at 94 Taber Hill Road, Stowe, Vermont by Private Sale and for Related Orders as to Lienholder Bank of America ("Emergency Motion") filed by Robb Evans & Associates LLC, the receiver ("Receiver") over all assets of Howard Awand and Linda Awand ("Receivership Defendants"), came before the Court for determination without a hearing, the Honorable Kent J. Dawson, United States District Judge presiding.  The Court having reviewed and considered the Emergency Motion and all pleadings and papers filed in support thereof, and having reviewed and considered responses and opposition, if any, to the Emergency Motion, and having previously granted the Receiver's Motion for Order Authorizing Receiver to Sell Free and Clear of Liens the Real and Personal Property Located at 94 Taber Hill Road, Stowe, Vermont by Private Sale and for Related Orders (Document No. 143) heard at the date, time and place set forth above as reflected in the Order Authorizing Receiver to Sell Free and Clear of Liens the Real and Personal Property Located at 94 Taber Hill Road, Stowe, Vermont by Private Sale and for Related Orders ("Stowe Property Sale Order") entered by the Court on March 23, 2011 (Document No. 150), and good cause appearing therefor,

IT IS ORDERED that:

1. The Emergency Motion and all relief sought therein is hereby granted; and

2. Without limiting the generality of the foregoing:

A. The Receiver is authorized to sell the real property located at 94 Taber Hill Road, Stowe, Vermont and legally described in Exhibit A hereto and the personal property located at that property ("Stowe Property") as provided in the Purchase and Sale Contract dated as of December 21, 2010, and all related agreements, amendments, addendums and disclosures executed or to be executed by the parties, including but not limited to the Lead Based Paint Addendum, Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards, and Property Inspection Contingency Addendum II (collectively the "Sale Contract") between the Receiver as Seller and Michael Loughran and Jill Loughran as Purchasers ("Purchasers") attached as Exhibit 2 to the Declaration of M. Val Miller ("Miller Declaration") filed in support of the Sale

1  Motion pursuant to the terms, provisions and conditions of the Sale Contract for a purchase price
2  of $1,650,000;

3      B.    The Receiver is authorized to sell the Stowe Property pursuant to the Sale Contract
4  pursuant to modified sale procedures under 28 U.S.C. §§ 2001 and 2004 without further notice,
5  hearing, opportunity for overbidding or order of the Court other than this Order and the sale of the
6  Stowe Property pursuant to the Sale Motion is hereby confirmed without further notice, hearing
7  or order;

8      C.    The Receiver is authorized to execute all documents and instruments necessary or
9  convenient to complete, implement, effectuate and close the sale of the Stowe Property under the
10  terms and conditions of the Sale Contract, including such additional documents, addenda and/or
11  modifications of the Sale Contract as the Receiver deems necessary or appropriate to complete
12  the sale so long as they do not materially vary the Sale Contract;

13      D.    The Receiver is authorized to sell the Stowe Property free and clear of all liens,
14  claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of
15  sale of the Stowe Property to the same extent and with the same validity, amount and priority as
16  they existed against the Stowe Property as of the closing except as follows:

17      (1)    The Receiver is authorized to permit and/or cause to be paid from the
18  proceeds of sale all of the following at the closing:

19      (a)    All ordinary and customary closing costs and expenses required to
20  be paid under the terms of the Sale Contract;

21      (b)    All commissions provided for in the Sale Contract and in that
22  certain Exclusive Right to Market Property Agreement between the Receiver and Pall Spera
23  Company Realtors LLC dated December 9, 2010 attached as Exhibit 1 to the Miller Declaration
24  anticipated to be in the amount of $82,500;

25      (c)    All fees and expenses of the Receiver's real estate/closing attorney
26  Darby Stearns Thorndike Kolter & Ware, LLP ("Thornike Firm") incurred in connection with the
27  sale of the Stowe Property;

28

1  (d)  The first priority liens of the Town of Stowe, Vermont for general real estate taxes and electric utility service, in the estimated aggregate sum of approximately $54,000;

4  (e)  The amounts claimed to be due under the first priority mortgage deed in favor of Bank of America, successor by merger or acquisition to Countrywide Bank, FSB, junior only to the liens for real estate taxes and electric utility service, for outstanding principal, interest and late charges as set forth in the April 5, 2011 Payoff Statement sent by Bank of America to counsel for the Receiver, but <u>excluding</u> the sum of $83,573.61 claimed for Uncollected Fees Due ("Bank of America Payoff"), and the Receiver to hold the sum of $83,573.61 from the proceeds of sale ("Withheld Proceeds") subject only to the lien of Bank of America for the purpose of satisfying the Uncollected Fees Due to Bank of America upon satisfactory proof of such claim made to the Receiver, with such Withheld Proceeds to be disbursed only in accordance with a subsequent stipulation by the Receiver and Bank of America, or pursuant to further order of the Court.  Bank of America's lien shall be deemed released from the Stowe Property upon payment of the Bank of America Payoff, with the Bank of America lien for payment of amounts validly due for Uncollected Fees Due, if any, to be transferred to the Withheld Proceeds; and

18  (f)  The sum of $45,000 on account of the second priority mortgage deed executed in favor of Stackpole & French Law Office ("Stackpole Firm"), former counsel for Howard Awand and Linda Awand ("Awands"), which payment shall by agreement of compromise with the Stackpole Firm be made in full satisfaction of all claims, demands, debts and obligations of the Awands owed to the Stackpole Firm, including without limitation those secured by said mortgage, and the Court hereby approves the foregoing payment as a fair and reasonable compromise and settlement of this disputed mortgage lien by the Receiver;

25  (2)  After payment of the liens set forth in paragraph 2.D.(1) above, the remaining proceeds of sale shall be subject to a first priority lien and charge in favor of the receivership estate for the payment of all expenses of administration of the receivership estate, including but not limited to (a) all fees and expenses of preservation and administration of the

receivership assets, including without limitation expenses for insurance and utilities; and (b) all fees and expenses of the Receiver, Receiver's members, Receiver's staff, and Receiver's counsel incurred in the administration of the estate, and the Receiver shall be authorized to use and expend the proceeds of sale of the Stowe Property to pay all such fees and expenses of administration from such sale proceeds without further order of the Court other than the fees and expenses of the Receiver, Receiver's members and Receiver's counsel which shall be paid only after a noticed motion by the Receiver seeking approval and authorization for payment thereof;

       (3)    The Receiver shall cause to be paid at closing to the State of Vermont Department of Taxes, in full satisfaction of the claims of the State of Vermont Department of Taxes against property of the receivership estate, an amount that is the greater of (i) the sum of $150,000, and (ii) a sum representing 25% of the proceeds of sale remaining after payment and/or reserve for payment of the items described in paragraphs 2.D.(1) and 2.D.(2) above;

    E.    The Receiver shall hold in the receivership estate all remaining proceeds of sale in excess of the sums provided to be paid, used or withheld pursuant to paragraph 2.D.(1), 2.D.(2) and 2.D.(3) above ("Remaining Proceeds"), and all liens, claims and encumbrances against the Stowe Property other than as set forth in paragraph 2.D. above, including without limitation the liens of the United States pursuant to multiple tax assessments and multiple Notices of Lien for Fine and/or Restitution in connection with the judgment in favor of the United States issued herein and the recorded Notice of Indictment, and of the IRS based on a Notice of Federal Tax Lien, and the mechanic's, laborer's and/or materialmen's liens asserted by Chimney Works, Inc., Ultramar Energy, Inc., and Bourne's Inc., shall attach to the Remaining Proceeds to the same extent and with the same validity, amount and priority as they exist against the Stowe Property as of the closing; and

    F.    Notice of the Sale Motion provided by the Receiver by service of the notice of hearing on the Sale Motion on all known creditors of the estate and other interested parties is approved as sufficient to provide notice and an opportunity for hearing under the circumstances,

- 6 -

1  and notice of the Emergency Motion served on Bank of America and the parties to this action is

2  approved as sufficient to provide notice and an opportunity for hearing under the circumstances.

3  Dated: May 12, 2011

4  _____
   KENT J. DAWSON
   United States District Judge