RANDOLPH L. HOWARD (Nev. SBN 006688)
rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone:   (702) 362-7800
Direct:      (702) 889-7752
Facsimile:   (702) 362-9472

GARY OWEN CARIS (SBN 88918)
E-mail:  gcaris@mckennalong.com
LESLEY ANNE HAWES (SBN 117101)
E-mail:  lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071
Telephone:   (213) 688-1000
Facsimile:   (213) 243-6330

Attorneys for Receiver
ROBB EVANS & ASSOCIATES LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>HOWARD J. AWAND and LINDA AWAND,<br><br>            Defendants. | CASE NO. 2:08-CR-108-KJD-LRL<br><br>**[PROPOSED] ORDER AUTHORIZING RECEIVER TO SELL FREE AND CLEAR OF LIENS THE REAL PROPERTY LOCATED AT 503 WEST MARKET STREET, VEVAY, INDIANA BY PRIVATE SALE AND FOR RELATED ORDERS**<br><br>Date:    June 7, 2011<br>Time:    9:00 a.m.<br>Place:   Courtroom 6D |

The matter of the Motion for Order Authorizing Receiver to Sell Free and Clear of Liens the Real Property Located at 503 West Market Street, Vevay, Indiana by Private Sale and for Related Orders ("Sale Motion") filed by Robb Evans & Associates LLC, the receiver ("Receiver") over all assets of Howard Awand and Linda Awand ("Receivership Defendants"), came on for hearing at the above-referenced date, time and place before the Honorable Kent J.

Dawson, United States District Judge presiding. Gary Owen Caris of McKenna Long & Aldridge LLP appeared on behalf of the Receiver; Roger W. Wenthe, Assistant United States Attorney, appeared on behalf of plaintiff United States of America and other appearances, if any, were made as noted in the record at the hearing. The Court having reviewed and considered the Sale Motion and all pleadings and papers filed in support thereof, and having reviewed and considered responses and opposition, if any, to the Sale Motion, and having heard the arguments of counsel, and good cause appearing therefor,

IT IS ORDERED that:

1. The Sale Motion and all relief sought therein is hereby granted; and

2. Without limiting the generality of the foregoing:

A. The Receiver is authorized to sell the real property located at 503 West Market Street, Vevay, Indiana and legally described in Exhibit A hereto ("503 West Market Property") as provided in the Purchase Agreement dated as of February 9, 2011, As-Is Addendum, Addendum #1 to Purchase Agreement, and all related agreements, amendments, addendums and disclosures (collectively the "Sale Contract") between the Receiver as Seller and Mathew T. Dutkiewicz and Karin S. Dutkiewicz as Purchasers ("Purchasers") attached as Exhibits 2 and 3 to the Declaration of M. Val Miller ("Miller Declaration") filed concurrently herewith pursuant to the terms, provisions and conditions of the Sale Contract for a purchase price of $275,000;

B. The Receiver is authorized to sell the 503 West Market Property pursuant to the Sale Contract pursuant to modified sale procedures under 28 U.S.C. § 2001 without further notice, hearing, opportunity for overbidding or order of the Court other than this Order and the sale of the 503 West Market Property pursuant to the Sale Motion is hereby confirmed without further notice, hearing or order;

C. The Receiver is authorized to execute all documents and instruments necessary or convenient to complete, implement, effectuate and close the sale of the 503 West Market Property under the terms and conditions of the Sale Contract, including such additional documents, addenda and/or modifications of the Sale Contract as the Receiver deems necessary or appropriate to complete the sale so long as they do not materially vary the Sale Contract;

1    D.    The Receiver is authorized to sell the 503 West Market Property free and clear of all liens, claims and encumbrances, including without limitation Indiana State Tax Warrants No. 08073429 in the amount of $1,928.89 filed on August 30, 2010, No. 08073430 in the amount of $14,736.37 filed on August 30, 2010, No. 08132064 in the amount of $11,376.62 filed on October 6, 2010, and No. 08132224 in the amount of $137.31 filed on October 6, 2010 (collectively the "Indiana State Tax Liens"), with such liens, including the Indiana State Tax Liens, claims and encumbrances to attach to the proceeds of sale of the 503 West Market Property to the same extent and with the same validity, amount and priority as they existed against the 503 West Market Property as of the closing except as follows:

(1)    That the Receiver be authorized to permit and/or cause to be paid from the proceeds of sale all of the following at the closing:

(a)    All ordinary and customary closing costs and expenses required to be paid under the terms of the Sale Contract;

(b)    All commissions provided for in the Sale Contract and in that certain Exclusive Right to Sell Listing Agreement between the Receiver and Real Living Homestead Realty/Teresa Bovard Lyons dated January 6, 2011 attached as Exhibit 1 to the Miller Declaration anticipated to be in the amount of $16,500;

(c)    All fees and expenses of the Receiver's real estate/closing attorney Harrison & Moberly ("Harrison Firm") incurred in connection with the sale of the 503 West Market Property;

(d)    The first priority lien of Switzerland County, Indiana for general real estate taxes, including without limitation (a) all amounts necessary to redeem the 503 West Market Property from the pre-receivership tax sale for unpaid real property taxes that took place on September 14, 2010 in the estimated sum of $3,647.58 (as of March 31, 2011) plus interest per diem in the sum of $0.7332 commencing April 1, 2011 until the redemption amount is paid in full, plus (b) all other real property taxes due, estimated to be in the aggregate sum of approximately $1,135.85, and (c) the amount required to satisfy other possible municipal

1  assessments and/or sewer use charges levied by the City/Town of Vevay, Switzerland County, Indiana;

3  (e) The judgment lien in favor of Chase Bank USA against Linda Awand rendered November 9, 2007 in the Switzerland County Superior Court, Cause No. 78C01-0708-CC-0059, where judgment was entered in the amount of $20,552.82 and with an estimated current lien amount of at least $21,000;

(2) After payment of the liens set forth in paragraph 2.D.(1) above, the remaining proceeds of sale shall be subject to a first priority lien and charge in favor of the receivership estate for the payment of all expenses of administration of the receivership estate, including but not limited to (a) all fees and expenses of preservation and administration of the receivership assets, including without limitation expenses for insurance and utilities; and (b) all fees and expenses of the Receiver, Receiver's members and Receiver's counsel incurred in the administration of the estate, and the Receiver shall be authorized to use and expend the proceeds of sale of the 503 West Market Property to pay all such fees and expenses of administration from such sale proceeds without further order of the Court other than the fees and expenses of the Receiver, Receiver's members and Receiver's counsel which shall be paid only after a noticed motion by the Receiver seeking approval and authorization for payment thereof;

E. The Receiver shall hold in the receivership estate all remaining proceeds of sale in excess of the sums provided to be paid or used pursuant to paragraph 2.D.(1) and 2.D. (2) above ("Remaining Proceeds"), and all liens, claims and encumbrances against the 503 West Market Property other than as set forth in paragraph 2.D. above, including without limitation the liens of the United States pursuant to multiple tax assessments and multiple Notices of Lien for Fine and/or Restitution in connection with the judgment in favor of the United States issued herein and the recorded Notice of Indictment, and of the IRS based on a Notice of Federal Tax Lien, and the liens of the State of Indiana pursuant to multiple State Tax Warrants, including but not limited to the Indiana State Tax Liens, shall attach to the Remaining Proceeds to the same extent and with the same validity, amount and priority as they exist against the 503 West Market Property as of the closing; and

F. Notice of the Sale Motion provided by the Receiver by service of the notice of hearing on the Sale Motion on all known creditors of the estate and other interested parties is approved as sufficient to provide notice and an opportunity for hearing under the circumstances.

Dated: June 7, 2011

_____
KENT J. DAWSON
United States District Judge

**EXHIBIT A**

## NATIONAL ATTORNEYS' TITLE ASSURANCE FUND, INC.

Insert page 1
Commitment No. 8194744
File No.

Lots Numbered One Hundred and Sixty-Three (163) and One Hundred Sixty-Four (164) in the Original Town of Vevay, Indiana, also a tract of land situated in the Town of Vevay and a part of Sheets and Dufour's Addition to the Town of Vevay, Indiana described as follows: Commencing at a rebar found at the Northeast Corner of Lot No. 163 in the Original Town of Vevay; thence along the right-of-way of Vineyard Street, South 40 degrees 00 minutes 00 seconds East 174.33 feet to a rebar found; thence continuing along said right-of-way South 27 degrees 35 minutes 30 seconds East 405.17 feet to the low water mark of the Ohio River; thence along said low water mark South 60 degrees 38 minutes 03 seconds West 62.51 feet; thence North 40 degrees 00 minutes 00 seconds West 410.00 feet to a rebar found; thence South 50 degrees 00 minutes 00 seconds West 25.00 feet to a rebar found; thence North 40 degrees 00 minutes 00 seconds West 148.50 feet to a rebar found in the South right-of-way line of Market Street; thence along said line North 50 degrees 00 minutes 00 seconds East 173.50 feet to the point of beginning. This tract contains 1.62 acres subject to all easements of record. Being and intended to be the same real estate conveyed to Linda M. Awand by deed recorded in Deed Record 121, page 215 in the office of the Switzerland County Recorder.

**NOTE:** Acreage indicated in the legal description is solely for the purpose of identification of said tract and should not be construed as insuring the quantity of land.